1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FELIPE LOPEZ,

11          Petitioner,                    No. 2:11-cv-0463 JAM DAD P

12      vs.

13   GARY SWARTHOUT, Warden,

14          Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254, challenging the July 30, 2009 decision of the California

18   Board of Parole Hearings ("Board") to deny him parole.  On September 8, 2011, respondent filed

19   the pending motion to dismiss, arguing that petitioner's federal habeas petition fails to state a

20   cognizable claim.  Petitioner has filed an opposition to the motion.

21                              **BACKGROUND**

22          On July 30, 2009, the Board conducted a parole hearing and found petitioner

23   unsuitable for release on parole.  The Board's decision became final on November 27, 2009.  In

24   his petition, petitioner asserts three grounds for relief all of which essentially claim that the

25   Board's decision finding him unsuitable for parole violates his constitutional rights because it

26   /////

1

was based on insufficient evidence and interferes with his right to be deported.  (Pet. at 5-6 & Exs. 1-3.)

**ANALYSIS**

I.  Scope of Review Applicable to Due Process Challenges to the Denial of Parole

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v. Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639

F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.").  In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout, the Supreme Court reviewed two cases in which California prisoners were denied parole - in one case by the Board, and in the other by the Governor after the Board had granted parole.  Swarthout, 131 S. Ct. at 860-61.  The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures."  Id. at 862.  The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence."  Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard.  Id. at 862-63.[1]  See also Pearson, 639 F.3d at 1191.

/////

/////

---

[1]   In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .").

1   II.  Petitioner's Claims for Relief

2          Petitioner seeks federal habeas relief on the grounds that the Board's 2009

3   decision to deny him parole, and the findings upon which that denial was based, were not

4   supported by sufficient evidence in violation of the Due Process Clause of the Fourteenth

5   Amendment.  However, under the Supreme Court's decision in Swarthout this court may not

6   review whether California's "some evidence" standard was correctly applied in petitioner's case.

7   131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642

8   F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the

9   context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner

10  to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]");

11  Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) (under the decision in Swarthout,

12  California's parole scheme creates no substantive due process rights and any procedural due

13  process requirement is met as long as the state provides an inmate seeking parole with an

14  opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 639

15  F.3d at 1191 ("While the Court did not define the minimum process required by the Due Process

16  Clause for denial parole under the California system, it made clear that the Clause's requirements

17  were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest

18  the evidence against them, were afforded access to their records in advance, and were notified as

19  to the reasons why parole was denied.'").

20         The federal habeas petition pending before the court in this case reflects that

21  petitioner was represented by counsel at his 2009 parole suitability hearing.  The record also

22  establishes that at that hearing petitioner was given the opportunity to be heard and received a

23  statement of the reasons why parole was denied by the Board panel.  (Pet. Ex. A.)  That is all the

24  process that was due petitioner under the U.S. Constitution.  Swarthout, 131 S. Ct. 862; see also

25  Miller, 642 F.3d at 716; Roberts, 640 F.3d at 1046; Pearson, 639 F.3d at 1191.  Accordingly, the

26  pending petition should be dismissed because it plainly appears from the face of the petition and

4

1   the exhibits annexed to it that the petitioner is not entitled to federal habeas relief with respect to

2   his due process claim.[2]

3                                    **CONCLUSION**

4          Accordingly, IT IS HEREBY RECOMMENDED that:

5          1.  Respondent's motion to dismiss (Doc. No. 11) be granted;

6          2.  Petitioner's petition for writ of habeas corpus (Doc. No. 1) be dismissed; and

7          3.  This action be closed.

8          These findings and recommendations are submitted to the United States District

9   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

10  days after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

13  shall be served and filed within seven days after service of the objections.  The parties are

14  advised that failure to file objections within the specified time may waive the right to appeal the

15  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16         In any objections he elects to file, petitioner may address whether a certificate of

17  appealability should issue in the event he files an appeal of the judgment in this case.  See Rule

18  _____

19         [2]  Petitioner argues that he has been eligible for deportation since 1991, but the Board has
    continually denied him his "right" to be deported under the guise that he is not suitable for
20  release on parole.  The argument is unpersuasive.  Petitioner is currently serving a sentence of
    fifteen years to life in state prison.  Petitioner has cited no authority, nor is the court aware of
21  any, that requires the Board to release him on parole merely because he is eligible for parole
    and/or deportation.  See Cortez v. Kane, Nos. C-09-2080 JSW (PR), C 09-4549 JSW (PR), 2011
22  WL 704046 at *1-*2 (N.D. Cal. Feb. 18, 2011) (rejecting petitioner's argument that the Board's
    decision to deny him parole had delayed his deportation and concluding that the Board was not
23  required to release petitioner simply because he was potentially eligible for parole and a hold had
    been placed on him pursuant to which deportation proceedings would be initiated upon his
24  release from prison); Chilchil v. Curry, No. C 10-4799 SI (pr), 2011 WL 528194 at *1 (N.D. Cal.
    Feb. 8, 2011) (rejecting petitioner's argument that the Board's decision to deny him parole
25  interfered with his removal from the United States because petitioner based the argument on the
    erroneous belief that he had completed his statutory maximum term when in actuality, petitioner
26  was serving a maximum term of life in state prison).

11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant).

DATED: July 11, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
lope0463.57

6